1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| S.A.C., a Minor, by and through her guardian Ad Litem, KAREN NUNEZ VELAZQUEZ, individually and as successor in interest to JONATHON CORONEL, and MARIA B. CORONEL, an individual,<br><br>                                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, CHRISTOPHER VILLANUEVA, an individual; and DOES 1–10, inclusive,<br><br>                                    Defendants. | Case No.:  17-cv-01893-LAB-BLM<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MINORS COMPROMISE PETITIONS**<br><br>**[ECF No. 90]** |

21
22
23
24
25
26
27
28

Before the Court is the petition of guardian *ad litem*, Karen Nunez Velazquez, to approve the compromise of the pending action on behalf of minor Plaintiff S.A.C.  (ECF No. 90.)  This Report and Recommendation is submitted to United States Chief District Judge Larry A. Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California.  After reviewing the Petition and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the Petition (ECF No. 90) be **GRANTED**.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      BACKGROUND

Plaintiff S.A.C. is a minor appearing by and through her court appointed guardian *ad litem*, Karen Nunez Velazquez. (ECF No. 5.) On September 15, 2017, Plaintiff S.A.C., by and through her court appointed guardian *ad litem*, along with other Plaintiffs, filed a complaint pursuant to 42 U.S.C. § 1983 regarding the July 5, 2017 incident of an officer involved shooting that resulted in the death of Decedent Jonathon Coronel. (ECF No. 1 at 2–3, 6–9.) Plaintiff S.A.C. is the biological daughter of Decedent Jonathon Coronel. (ECF No. 90 at 5.) Plaintiffs alleged claims of excessive force; unreasonable search and seizure; failure to provide medical care; substantive due process; failure to supervise, train and take corrective measures; and *Monell* violations. (ECF No. 1 at 10–19.) Plaintiff S.A.C.'s damages in this case arise from the injuries suffered by Decedent for which Plaintiff S.A.C. can recover damages as the successor in interest and Plaintiff S.A.C.'s individual loss of Jonathon Coronel's comfort, care, companionship, training, support, and guidance. (ECF No. 90 at 5.)

Magistrate Judge Barbara Lynn Major held an Early Neutral Evaluation and Case Management Conference on November 21, 2017. (ECF No. 19.) The case did not settle, and a scheduling order was issued. (*Id.*; ECF No. 20.) On June 27, 2018, Magistrate Judge Barbara Lynn Major held a Mandatory Settlement Conference. (ECF No. 34.) The case did not settle. (*See id.*) On November 14, 2018 and January 29, 2019, the Court amended its scheduling order to extend the Expert Discovery Cut-off, as well as other pretrial dates. (ECF Nos. 38; 40.) Defendant County of San Diego filed its Motion for Summary Judgment to dismiss Plaintiffs' *Monell* claims, which was granted on February 13, 2020. (*See* ECF Nos. 42; 52; 53.) On March 25, 2020, Magistrate Judge Barbara Lynn Major held another Mandatory Settlement Conference. (ECF No. 58.) Once again, the case did not settle. (*See id.*) In April 2020, Plaintiffs and Defendant Christopher Villanueva exchanged pretrial disclosures and their objections to these disclosures. (*See* ECF Nos. 59–64.) On July 8, 2020, Chief District Judge Larry A. Burns held a Pretrial Conference. (ECF No. 76.) On July 23, 2020, Magistrate Judge Barbara Lynn Major held a Settlement

17-cv-01893-LAB-BLM

1    Conference wherein the parties indicated that they were continuing to engage in settlement

2    discussions.  (ECF No. 80.)  From the docket, it appears that the parties have settled the

3    case.  (ECF No. 92.)

4        On October 30, 2020, guardian *ad litem* Karen Nunez Velazquez filed a petition for

5    approval of the minor's compromise of claims.  (ECF No. 90.)  Declarations from attorney

6    Hang Le (ECF No. 90-1), attorney Kent Henderson (ECF No. 90-2), and guardian *ad litem*

7    Karen Nunez Velazquez (ECF No. 90-3) were attached.

8    **II.    LEGAL STANDARD**

9        It is well settled that courts have a special duty to safeguard the interests of litigants

10   who are minors in the context of settlements proposed in civil suits.  *Robidoux v.*

11   *Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district

12   courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect

13   a minor or incompetent person who is unrepresented in an action.").  This duty "requires a

14   district court to 'conduct its own inquiry to determine whether the settlement serves the

15   best interests of the minor.'"  *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*,

16   573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357,

17   1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any

18   compromise or settlement of a minor's claims to assure itself that the minor's interests are

19   protected, even if the settlement has been recommended or negotiated by the minor's parent

20   or guardian ad litem.").  Accordingly, Civil Local Rule 17.1(a) provides that "[n]o action

21   by or on behalf of a minor or incompetent will be settled, compromised, voluntarily

22   discontinued, dismissed or terminated without court order or judgment."  This requires the

23   Court to question if the settlement is in the best interests of the minor and consider not only

24   the fairness of the settlement, but the structure and manner of the plan for the payment and

25   distribution of the assets for the benefit of the minor.

26       "Federal courts generally require that claims by minors [. . .] be settled in accordance

27   with applicable state law."  *Walden v. Moffett*, No. CV-F04-6680-LJO-DLB, 2007 WL

28   2859790, at *3 (E.D. Cal. Sept. 2007).  In cases involving the settlement of a minor's

1   claims, the Ninth Circuit has stated that district courts should "limit the scope of their

2   review to the question of whether the net amount distributed to each minor plaintiff is fair,

3   in light of the facts of the case, the minor's specific claim, and recovery in similar cases."

4   *Robidoux*, 638 F.3d at 1181–82.  This inquiry should "evaluate the fairness of each minor

5   plaintiff's net recovery without regard to the proportion of the total settlement value

6   designated for [. . .] plaintiffs' counsel – whose interests the district court has no special

7   duty to safeguard."  *Id.* at 1182.  "So long as the net recovery to each minor plaintiff is fair

8   and reasonable in light of their claims and average recovery in similar cases, the district

9   court should approve the settlement as proposed by the parties."  *Id.*  The Ninth Circuit

10  limited its decision to "cases involving the settlement of a minor's federal claims."  *Id.* at

11  1179 n.2.

12      **III.   DISCUSSION**

13      **A.  Proposed Settlement**

14      Based on a review of the petition and applicable law, the Court finds that the terms

15  of the settlement are fair and reasonable as to the minor Plaintiff.  Under the terms of the

16  settlement, Plaintiff S.A.C., by and through her guardian *ad litem*, agrees to accept

17  $1,350,000.00 in exchange for dismissing her claims against Defendant.  (ECF No. 90 at

18  5, 8–9.)  After attorney's fees and costs, minor Plaintiff S.A.C. will receive $722,709.00,

19  to be paid into a structured settlement annuity.  (*Id.* at 6–7.)  Petitioner, and guardian *ad*

20  *litem*, is informed and believes that minor Plaintiff S.A.C. will still receive a substantial

21  benefit from the settlement once all of the structured payments are made.  (*Id.* at 9; *see also*

22  ECF No. 90-3.)  Petitioner, and guardian *ad litem*, describes the proposed distribution of

23  funds as fair, reasonable, and is in the best interest of the minor Plaintiff, while requesting

24  that the Court approve this compromise settlement.  (*Id.*)

25      This action was initiated in federal court on September 15, 2017.  (ECF No. 1.)  Over

26  the course of the litigation, Plaintiff S.A.C.'s counsel conducted an extensive investigation

27  into the events surrounding the officer involved shooting that happened on July 5, 2017

28  that resulted in the death of Decedent Jonathon Coronel.  The facts of the case were

1   thoroughly investigated in response to Defendant County of San Diego's Motion for

2   Summary Judgement.  Counsel also participated in multiple settlement conferences.  (*See*

3   Docket.)

4         Moreover, the minor Plaintiff's recovery in this case is reasonable in light of those

5   approved in similar cases where a minor suffered the loss of a parent during encounters

6   with police officers.  *See, e.g., E.S. v. City of Visalia*, 2015 WL 6956837 (E.D. Cal. Nov.

7   2015) (approving a minor's compromise for net payment of $130,444.83 in action

8   involving the shooting and killing of minor's father); *Armstrong v. Dossey*, 2013 WL

9   4676541 (E.D. Cal. Aug. 2013) (finding fair and reasonable settlement of minors' claims

10   for their father's death for $22,500 and $11,000 respectively); *Doe ex rel. Scott v. Gill*,

11   2012 WL 1939612, (N.D. Cal. May 2012) (approving a minor's compromise in the net

12   amount of $7,188.85 where minor's mother was shot and killed by police officers);

13   *Swayzer v. City of San Jose*, 2011 WL 3471217 (N.D. Cal. Aug. 2011) (approving a

14   minor's compromise for net amount of $2,054.17 in the wrongful death action, where the

15   minor's father died during the course of his arrest).

16         Based upon consideration of the facts, minor Plaintiff S.A.C.'s claims, and the risks

17   associated with trial, the Court concludes the proposed settlement is fair and reasonable.

18       **B. Method of Disbursement**

19         Courts can use a variety of methods for the disbursement of settlement funds to a

20   minor.  *See* Cal. Prob. Code § 3600 *et seq.*  Here, the Petition requests that minor Plaintiff

21   S.A.C.'s net settlement be used to purchase a structured settlement annuity through

22   Metropolitan Tower Life Insurance Company.  (ECF Nos. 90-1 at 7; 90-3 at 8.)

23         The Court has considered the structured annuity quote provided by Metropolitan

24   Tower Life Insurance Company and the methods of disbursement chosen by minor Plaintiff

25   S.A.C.'s guardian *ad litem*.  These methods provide that the balance of the settlement be

26   placed in an account for the minor Plaintiff with disbursements to be made over a period

27   of years.  Specifically, Defendant or their insurers are to pay $722,709.00 for Plaintiff

28   S.A.C. to fund one single-premium settlement annuity as set forth in the Petitions.  (ECF

1  No. 90-1 at 7–18.)  This would provide for a $1,000 monthly stipend to guardian *ad litem*,
2  Karen Nunez Velazquez, as parent and natural guardian of the minor Plaintiff S.A.C. until
3  she reaches the age of majority, commencing on March 1, 2021. (*Id.* at 4, 7.)  The monthly
4  stipend will specifically go towards minor Plaintiff S.A.C's monthly expenses, including
5  clothing, food, school supplies, school activities, extracurricular activities, and pediatric
6  psychological therapy. (*Id.*)  This annuity would also provide for an Education Fund that
7  provides five annual payments of $50,000.00 commencing on September 21, 2032, with
8  the last payment from the Education Fund being on September 21, 2036. (*Id.*)  This annuity
9  also provides minor Plaintiff S.A.C. with guaranteed lump sum payments of $100,000.00
10  at age 18; $130,000.00 at age 22; $160,000.00 at age 26; and $256,000.00 at age 30. (*Id.*)
11  The total amount that Plaintiff S.A.C. will receive after the final payment from the
12  structured annuity is made directly to her is $1,035,000.00. (ECF No. 90-1 at 4, 7.)  The
13  terms of the annuity protects the minor Plaintiff as it provides that the bulk of the settlement
14  to be released after the minor Plaintiff has reached the age of majority.  The Court finds
15  the methods of disbursements to be fair, reasonable, and within the bounds of applicable
16  law. *See* Cal. Prob. Code § 3602(c)(1).

17      **C. Attorney's Fees and Costs**

18      Attorney's fees to be paid for representing a minor Plaintiff must also be approved
19  by the Court. *See* Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. "To determine whether
20  a request for attorney's fees is reasonable, the court may consider, among other factors, the
21  time and labor required, whether the minor's representative consented to the fee, the
22  amount of money involved and the results obtained, and whether the fee is fixed, hourly,
23  or contingent." *Favreau v. City of Escondido*, No. 10-CV-2348-GPC-WVG, 2013 WL
24  1701878, at *2 (S.D. Cal. Apr. 2013); *see also* Cal. Rule of Ct. 7.955(b).  When a
25  contingency fee has been proposed, "most courts require a showing of good cause to award
26  more than 25% of any recovery" whereas a greater reward is "rare and justified only when
27  counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood*
28  *Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 2008)

1   (internal quotation marks omitted).   When a fee is contingent, the court should also

2   consider the risk of loss, the amount of costs advanced by the attorney, and the delay in

3   reimbursement of costs and payment of fees to determine if the amount is reasonable.   *See*

4   Cal. Rule of Ct. 7.955(b)(13).

5   Here, minor Plaintiff's counsel, Guizar, Henderson, & Carrazco LLP and the Law

6   Offices of Dale K. Galipo, seek $540,000 in attorney's fees and $87,291.00 in costs from

7   Plaintiff S.A.C.'s portion of the settlement.   (ECF Nos. 90 at 8; 90-1 at 7; 90-2 at 4–5; 90-

8   3 at 3.)   This represents 40 percent of $1,350,000.00, which is the amount of Plaintiff

9   S.A.C.'s portion of the settlement.   (*See id.*)   Counsel has provided declarations from Hang

10   D. Le, Kent Henderson, and guardian *ad litem*, Karen Nunez Velazquez, in support of their

11   request.   (ECF Nos. 90-1; 90-2; 90-3.)   Minor Plaintiff's counsel indicates that the

12   contingency retainer agreement provides for attorney's fees in the amount of 40 percent of

13   the recovery fee, to be split 50-50 between Guizar, Henderson & Carrazco LLP and the

14   Law Offices of Dale K. Galipo, plus reimbursement of advanced litigation costs.   (ECF

15   Nos. 90-1 at 3; 90-2 at 4–5.)

16   In favor of a substantial attorney's fees award, minor Plaintiff's counsel states that

17   they did bear some risk that they would not recover anything due to dealing with a case

18   with a number of potential adverse issues, that minor Plaintiff's counsel have extensive

19   experience, that minor Plaintiff's counsel have secured large verdicts in civil rights cases

20   in the past, and that there is a contingency agreement for 40 percent of the minor Plaintiff's

21   recovery. (ECF No. 90-2 at 3–4, 16–19.)   Guardian *ad litem*, Karen Nunez Velazquez, has

22   reviewed the attorney's fees and litigation costs, finding both to be reasonable given the

23   amount of work done in this case.  (ECF No. 90-3 at 3.)

24   Minor Plaintiff's counsel have been involved with substantive filings in this matter

25   prior to the filing of this Petition.   (*See* Docket.)   Minor Plaintiff's counsel have

26   investigated and gathered evidence, put forward discovery requests, prepared for and took

27   the deposition of numerous experts and witnesses, reviewed autopsy reports, worked with

28   forensic and bullet trajectory experts, reviewed incident reports and researched various

1   theories of possible defenses to alleged gang affiliation and drug use, defended against a

2   Motion for Summary Judgment, attended an Early Neutral Evaluation and multiple

3   settlement conferences, prepared pretrial disclosures and objections, and attended the

4   Court's Pretrial Conference. (*See* ECF No. 90-2 at 3–16.)

5   After considering the duration of this case and the amount of work performed by

6   Plaintiff's counsel, the Court finds that the amount of attorney's fees is reasonable and does

7   not suggest that the settlement was unfair. Further, the Ninth Cirucit has emphasized that

8   the minor's settlement should be approved "[i]f the net recovery of each minor plaintiff

9   under the proposed settlement is fair and reasonable, [. . .] regardless of the amount the

10   parties agree to designate for [. . .] attorney's fees." *See Robidoux*, 638 F.3d at 1182. As

11   explained above, minor Plaintiff's recovery is more than adequate.

12   Additionally, in the instant Petition, minor Plaintiff's counsel set forth costs accrued

13   over the course of the litigation totaling $87,291.00, with $87,256.00 going to Guizar,

14   Henderson & Carrazco LLP and $35.00 going to the Law Offices of Dale K. Galipo. (ECF

15   Nos. 90 at 5–6; 90-1 at 3, 5.) This litigation was initiated on September 15, 2017. (ECF

16   No. 1.) Despite the delay in reimbursement of litigation costs, the case settled after minor

17   Plaintiff's counsel conducted an extensive investigation into the events surrounding the

18   death of Decedent Jonathon Coronel and the facts of the case were thoroughly investigated

19   in response to Defendants' Motions for Summary Judgment on *Monell* issues. (*See* ECF

20   No. 90-2 at 6.) The Court finds that the costs incurred are fair and reasonable under the

21   circumstances.

22   **IV.   CONCLUSION**

23   After reviewing the *Ex Parte* Petition for Approval of Terms of Structured Annuity

24   for the Compromise of Minor Plaintiff S.A.C.'s Claims, the Court finds that the proposed

25   settlement of minor Plaintiff's claims in the amount of $1,350,000 to be fair and reasonable.

26   For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District

27   Court issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** the

28   Petition (ECF No. 90); and (3) requiring the following:

1. The settlement of minor Plaintiff S.A.C.'s action against the Defendant Christopher Villanueva in the gross settlement amount of $1,350,000.00 is hereby approved.

2. Defendant, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $1,350,000 payable as follows:

   a. A draft for $357,256.00 shall be made payable to "Guizar, Henderson & Carrazco, LLP, Client Trust Account." These funds shall be used to (1) satisfy the attorney's fees owed to Guizar, Henderson & Carrazo L.L.P. in the amount of $270,000.00; and (2) costs owed to Guizar, Henderson & Carrazco L.L.P. in the amount of $87,256.00.

   b. A draft for $270,035.00 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy (1) the attorney's fees owed to the Law Offices of Dale K. Galipo in the amount of $270,000.00; and (2) costs owed to the Law Offices of Dale K. Galipo in the amount of $35.00.

   c. Defendant Christopher Villanueva will purchase a structured annuity for the minor Plaintiff S.A.C. in the amount of $722,709.00 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Issuer") rated A+XV by A.M. Best as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that S.A.C. will receive after the final payment from the structured annuity is made directly to her is $1,035,000.00.

   d. Defendant will deliver the annuity premium check to Plaintiff S.A.C.'s structured settlement company, Atlas Settlement Group, Inc., to fund the annuity.

3. Annuity Issuer shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Hang D. Le and as set forth in the table below.

4. All sums and periodic payments set forth in the section entitled "Payments" constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

5. Prior to minor Plaintiff S.A.C. reaching the age of majority, disbursement drafts will be made payable and issued to minor Plaintiff S.A.C.'s parent and guardian *ad litem*, Karen Nunez Velazquez, according to the payment schedule.  Disbursement drafts will be made payable and will begin being issued directly to minor Plaintiff S.A.C. upon reaching the age of maturity according to the payment schedule.

**Periodic payments payable to Karen Nununez, guardian *ad litem*, for the benefit of Plaintiff S.A.C.**

| | |
|---|---|
| $1,000.00 | Payable Monthly, for 11 years and 7 months only, commencing on 03/01/2021; last guaranteed payment on 09/01/2032. |

**Education fund payable to Plaintiff S.A.C.**

| | |
|---|---|
| $50,000.00 | Payable Annually, for 5 years, commencing on 09/21/2032; last guaranteed payment on 09/21/2036. |

**Periodic payments payable to Plaintiff S.A.C.**

| | |
|---|---|
| $100,000.00 | Guaranteed Lump Sum Payment on 09/21/2032 |
| $130,000.00 | Guaranteed Lump Sum Payment on 09/21/2036 |
| $160,000.00 | Guaranteed Lump Sum Payment on 09/21/2040 |
| $256,000.00 | Guaranteed Lump Sum Payment on 09/21/2044 |

17-cv-01893-LAB-BLM

6. Defendant will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant's liability to make the periodic payments as described in the above table and in "Exhibit A" to the Declaration of Hang D. Le filed concurrently herewith. Such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge Defendant from such obligations hereunder as are assigned to Assignee. This includes that Defendant shall execute a Qualified Assignment document.

7. Defendant and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

8. Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

9. The Assignee will have the Annuity Issuer mail payments directly to the Plaintiff S.A.C., as set forth above. Guardian *ad* litem, Karen Nunez Velazquez (until S.A.C. reaches the age of the majority), and then Plaintiff S.A.C., shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS ORDERED** that no later than **November 23, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The parties are advised a failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

///

///

///

17-cv-01893-LAB-BLM

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with

2  the Court and served on all parties no later than **November 30, 2020**.

3    **IT IS SO ORDERED.**

4  Dated:  November 9, 2020

5
                                                    _____
                                                    Hon. Bernard G. Skomal
6                                                   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17-cv-01893-LAB-BLM